UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DELOREAN L. BRYSON,

          Plaintiff,

    v.                                                                   Case No. 22-cv-1042-bhl

DYLON RADTKE, et al.,

          Defendants.

_____

## ORDER
_____

        Plaintiff Delorean L. Bryson, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights by withholding the March issue of Criminal Legal News. Dkt. No. 1. On December 19, 2022, the Court screened and dismissed the original complaint for failure to state a claim. Dkt. No. 8. The Court concluded that Seventh Circuit precedent long held that failure to receive one issue of a prepaid monthly publication did not violate the Fourth Amendment because there was no right to privacy with respect to magazine subscriptions; that it did not violate the Fourteenth Amendment because there were adequate post-deprivation remedies under Wisconsin state law; and it came nowhere close to "cruel and unusual punishment" under the Eighth Amendment. *Id*. at 4. The Court further concluded that Bryson failed to allege facts from which the Court could reasonably infer that someone withheld the March issue of Criminal Legal News in order to restrict the content of speech, in violation of the First Amendment. *Id*. The Court gave Bryson an opportunity to file an amended complaint to attempt to state a claim. *Id*. at 5. Specifically, the Court directed Bryson to explain whether someone purposely withheld the March

issue of Criminal Legal News in order to restrict the content of speech; and what specific facts or circumstances support the allegation that it was a restriction on the content of speech. *Id*.

On January 9, 2023, Bryson filed an amended complaint. Dkt. No. 9. The amended complaint appears to abandon the First Amendment free speech claim and instead asks to proceed on two different claims: a due process claim under the Fourteenth Amendment and a denial of access-to-the-courts claim under the First Amendment. *Id*. at 3-4. Because the amended complaint still fails to state a claim, the Court will dismiss this case.

### ALLEGATIONS OF THE AMENDED COMPLAINT

Bryson names as defendants: Dylon Radtke, Corrections Complaint Examiner (CCE) Brad Hompe, Office of the Secretary (OOS) Cindy O'Donnell, and Institution Complaint Examiner (ICE) John Doe. *Id*. at 1-2.

The amended complaint alleges,

> "[T]he defendants on numerous occasions denied/fail to give my Criminal Legal News publication. [T]he defendants admitted to having had my magazines/publication, to which defendants did not return issues of the Criminal Legal News on their own volition, nor did they notify me regarding their to deliver these issues. Defendants also did not notify me regarding their refusal to deliver the magazines nor did they provide me an opportunity to appeal/challenge the magazines/rejection. In doing so this violated rights under the U.S. constitution the 14th and the 1st. [T]he 14th because not giving me due process of a fair notice of the above, and the first because I AM CURRENTLY APPEALING MY CRIMINAL CASE AND I USE THE INFORMATION GIVEN IN THOSE MAGAZINES/PUBLICATION TO HELP ME WITH APPEALING MY CASE, IS A DENIAL OF ACCESS TO THE COURTS. THEREFORE MY 1ST AND 14TH AMENDMENTS ARE BEING VIOLATED UNDER THE CONSTITUTION."

Dkt. No. 9 at 3-4. For relief, Bryson seeks monetary damages. *Id*. at 5.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S.*

*v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Section 1983 limits liability to individuals who are personally responsible for a constitutional violation. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). "An official satisfies the personal responsibility requirement of section 1983. . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quoting *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982)). He or she "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)).

The Court will dismiss the amended complaint because Bryson does not allege that any of the defendants he has sued had any direct personal involvement adequate to state a claim against them. Toward that end, the amended complaint form specifically directed Bryson to provide the following information: "1. Who violated your rights; 2. What each defendant did; 3. When they did it; 4. Where it happened and 5. Why they did it, if you know." *See* Dkt. No. 9 at 3. Bryson did not do this. His latest filing does not provide any of the information outlined above, including who specifically was involved, what specifically they did, when it happened, where it happened, how many times, and why. *See id*. Bryson's allegation that "the defendants" denied him his magazine numerous times, admitted to having had his magazine, and did not return his magazine does not give each individual defendant notice of the claim against them. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 682-84 (2009) (referring to a group of defendants in a collective fashion is not sufficient to state a claim against every defendant); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

3

Case 2:22-cv-01042-BHL   Filed 02/15/23   Page 3 of 5   Document 10

But that issue aside, Bryson's amended complaint also fails for other reasons. First, it is well settled Seventh Circuit law that inmates have no due process right to an institution's grievance procedures. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996); *Courtney v. Devore*, 595 F. App'x 618, 620–21 (7th Cir. 2014); *see Grieveson v. Anderson,* 538 F.3d 763, 772 & n. 3 (7th Cir.2008). Therefore, Bryson does not have a Fourteenth Amendment due process claim against anyone with respect to the alleged denial of "fair notice" and "opportunity to appeal/challenge the magazines/rejection." Second, to state an access-to-the-courts claim, Bryson must allege that interference with his right to access the courts caused him to lose a valid legal claim or defense. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall* v. Knight, 445 F.3d 965, 969 (7th Cir. 2006). Bryson does not plausibly allege that he lost a valid legal claim or defense due to non-delivery of his magazines. Unlike denial of court mail, from which the Court can reasonably infer that a plaintiff's non-response to court orders caused him to lose a valid legal claim or defense, the Court cannot reasonably infer that denial of a magazine caused Bryson to lose a meritorious claim or defense. The Court will therefore dismiss this case. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (noting that the Court need not provide additional opportunities to amend when Plaintiff has "failed to cure deficiencies by amendments previously allowed.").

## Conclusion

**IT IS THEREFORE ORDERED** that the amended complaint is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.